**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4354**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KULBIR KAUR,

Defendant - Appellant.

**No. 24-4356**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARMANPREET SINGH,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.    Robert E. Payne, Senior District Judge.    (3:23-cr-00092-REP-1; 3:23-cr-00092-REP-2)

Submitted: June 17, 2025                                    Decided: July 8, 2025

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————————

Affirmed by unpublished per curiam opinion.

———————————————

**ON BRIEF:** Jonathan P. Sheldon, SHELDON & FLOOD, P.L.C., Fairfax, Virginia; Meghan Skelton, SKELTONLAW, LLC, Cabin John, Maryland, for Appellants. Kristen Clarke, Assistant Attorney General, Erin H. Flynn, Teresa Kwong, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jessica D. Aber, United States Attorney, Avishek Panth, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Kulbir Kaur and Harmanpreet Singh ("Appellants") appeal their convictions for conspiracy to commit forced labor, in violation of 18 U.S.C. §§ 1589, 1594(b); forced labor, and attempted forced labor, in violation of 18 U.S.C. §§ 1589, 1594(a); harboring an alien for financial gain, in violation of 8 U.S.C. § 1324; document servitude, in violation of 18 U.S.C. § 1592; and unlawful conduct with respect to immigration documents, in violation of 18 U.S.C. § 1597. The charges stemmed from a report by the victim to federal authorities alleging Appellants brought him with them from India under the false pretense of enrolling him in school. Once he was in the United States, Appellants forced him to work at their convenience store for no pay, abused him, and forced him to marry Kaur so he could stay in the country to work. On appeal, Singh challenges the district court's admission of statements Kaur made in an application to extend the victim's tourist visa and the denial of his request to sever his trial from Kaur's, and Appellants challenge the district court's exclusion of allegations they made against the victim regarding assaults on their children. We affirm.

With respect to Kaur's statements on the visa extension application, Singh argues their admission at trial violated his right to confront Kaur because she was not available for cross-examination. The Confrontation Clause "bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004)). A statement is testimonial if it was made by a declarant who could

3

reasonably expect the statement to be used prosecutorially. *See United States v. Udeozor*, 515 F.3d 260, 268 (4th Cir. 2008). Furthermore, statements by a coconspirator in furtherance of the conspiracy are inherently not testimonial. *See Crawford*, 541 U.S. at 56. Singh claims the statements made on the visa application were testimonial because they were solemn declarations and formal statements to government officials; he also contends the district court adopted an overly narrow interpretation of "testimonial." The district court's interpretation of "testimonial" was correct; the test is whether the declarant could have reasonably foreseen her statement being used at a later trial. *See Uzedor*, 513 F.3d at 268 (noting three categories of statements that are testimonial in nature, including sworn statements such as affidavits, and explaining that each of those categories share a "common nucleus" that the declarant "would have expected [her] statements to be used at trial" (internal quotation marks omitted)). Further, the district court correctly found that Kaur would not have reasonably foreseen the statements she made on the visa application would be used at a later trial, and so the statements were not testimonial.

Singh next argues that the district court erred in denying his motion to sever his and Kaur's trials, asserting that admission of her statements on the visa extension application prejudiced him. We review "a district court's denial of a motion to sever for abuse of discretion." *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018). A defendant moving to sever has the burden of demonstrating a "strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). Moreover, "[d]efendants must show clear prejudice arising from a joint trial to establish an entitlement to reversal of their convictions." *Zelaya*, 908 F.3d at 929. Singh has failed to show any prejudice or

4

deprivation of his trial rights caused by the joint trial, and the district court did not abuse its discretion in conducting a joint trial.

Finally, Appellants challenge the district court's exclusion of their allegations that the victim assaulted their children. With respect to Singh, who challenged the exclusion of this evidence below, we review a district court's evidentiary rulings for abuse of discretion and will only overturn a ruling that is arbitrary or irrational. *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019). Even if there is error, "we will not vacate a conviction if an error was harmless." *United States v. Sutherland*, 921 F.3d 421, 429 (4th Cir. 2019). To the extent that Singh asserts the exclusion of this evidence violated his due process rights, we "review[] evidentiary rulings implicating constitutional claims de novo," and will find the constitutional error harmless if it "was harmless beyond a reasonable doubt." *United States v. Williams*, 632 F.3d 129, 132 (4th Cir. 2011) (internal quotation marks omitted).

Kaur, on the other hand, failed to challenge the exclusion of this evidence before the district court. We therefore review her claim for plain error. *See United States v. Walker*, 32 F.4th 377, 394 (4th Cir. 2022). To demonstrate plain error, Kaur must show "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 294-95 (internal quotation marks omitted).

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.

5

404(b)(1).  Such evidence is admissible for other purposes, such as to show motive or intent.  Fed. R. Evid. 404(b)(2).  Evidence of prior bad acts is admissible for one of these purposes if it is (1) relevant to an issue such as an element of the offense; (2) necessary, i.e. probative of an essential claim or element of the offense; (3) reliable; and (4) more probative than prejudicial.  *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017); *see* Fed. R. Evid. 403.  While Rule 404(b) is usually used to exclude evidence of a defendant's prior bad acts, it also "authorizes the admission of a witness's other wrongs, acts, or crimes for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him."  *United States v. Myers*, 589 F.3d 117, 124 (4th Cir. 2009) (internal quotation marks omitted).

Appellants have not demonstrated that the district court erred in excluding this evidence because they have not shown that the evidence was reliable.  In addition, even if the evidence was reliable, the district court did not err in excluding it because its potential for prejudice far outweighed its probative value.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*